SUMMARY ORDER

Appellant Zachary Williams, pro se and incarcerated, appeals the district court’s denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus, alleging violations of his procedural due process rights incident to a prison disciplinary proceeding in which he was found to have extorted another inmate. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the district court’s denial of a § 2241 petition de novo. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996). Because “[pjrison disciplinary proceedings are not part of a criminal prosecution, ... the full panoply of rights due a defendant in such proceedings does not apply.” Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Rather, to comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: “(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.” Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 856 (1985) (citing Wolff 418 U.S. at 563-67, 94 S.Ct. 2963). Indeed, we have stressed that, in the context of such proceedings, “the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in Wolff.” Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir.2004) (emphasis in original). Finally, with respect to the revocation of good conduct credits, due process requires that “the findings of the prison disciplinary board [b]e supported by some evidence in the *61 record.” Hill, 472 U.S. at 454, 105 S.Ct. 2768.
Here, the record confirms that the minimum procedural due process requirements were satisfied. First, Williams was issued the incident report four days before the UDC hearing was held, and the report clearly set forth the extortion charge and its factual basis. Second, Williams was allowed to submit written arguments to the DHO, which were considered in depth. While his request to call Gould and Rubinkowski as witnesses was denied, this did not give rise to a procedural due process violation, since, as they were adverse witnesses, their testimony was not relevant and had already been fully summarized in the SIS report. See Kalwasinski v. Morse, 201 F.3d 103, 109 (2d Cir.1999) (no due process violation where disciplinary committee excluded irrelevant or unnecessary testimony). Moreover, Williams raised no challenge to the DHO’s denial of his request, nor did he allege how the inmates’ testimony could support his case. Third, the DHO’s written decision set forth in detail the evidence supporting its finding that Williams had engaged in extortion, thus justifying the revocation of twenty-seven of his good conduct credits.
Accordingly, because the disciplinary proceeding was sufficient under Wolff and because the record confirms that, at a minimum, there was “some evidence,” supporting the DHO’s determination, Williams’s petition failed to identify a cognizable procedural due process violation. See Hill, 472 U.S. at 454, 105 S.Ct. 2768; Shakur, 391 F.3d at 119.
Williams’s remaining claims of error are unavailing. There is no evidence the district court abused its discretion in denying his request that the Government produce the SIS report, since, based on the relative strength of his constitutional claims, his request was not supported by “good cause.” Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (holding that, in a habeas proceeding, discovery may be ordered pursuant to the discretion of the court and upon a showing of “good cause”). Similarly, given the deficiency of Williams’s claims, the district court did not abuse its discretion in denying his request to appoint counsel. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 200 (2d Cir.2003) (motions to appoint counsel are reviewed for abuse of discretion); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989) (in considering such a motion, a court should first determine whether the movant’s “position [is] likely to be of substance”). We have considered all of Williams’s remaining claims and find them to be without merit.
Accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.